1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                         **FOR THE DISTRICT OF ARIZONA**
8
9    Pedro Chairez,                           No. CV-13-01759-PHX-PGR
10                        Petitioner,          **REPORT AND**
                                               **RECOMMENDATION**
11   v.
12   Charles L Ryan, Attorney General of the
     State of Arizona,
13
14                        Respondents.

15   **TO THE HONORABLE PAUL G. ROSENBLATT:**

16          Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to

17   28 U.S.C. § 2254 on or about August 21, 2013.  Respondents filed an Answer to Petition

18   for Writ of Habeas Corpus ("Answer") (Doc. 19) on April 28, 2014.   Petitioner docketed

19   a reply (Doc. 20) to the answer to his petition on May 27, 2014.

20          **I Procedural History**

21          A Maricopa County grand jury indictment returned May 27, 2009, charged

22   Petitioner and two co-defendants with one count of participating in a criminal street gang,

23   a class 2 felony (Count 1), one count of conspiracy to commit the crime of participating

24   in a criminal street gang, a class 2 felony (Count 2), one count of money laundering in the

25   second degree, a class 3 felony (Count 3), and one count of conspiracy to commit money

26   laundering in the second degree, a class 3 felony (Count 4), alleging the crimes occurred

27   on or about December 1, 2008.  See Answer, Exh. A.   A settlement conference in the

28   matter was conducted on September 25, 2009.  See id., Exh. E.  A settlement conference

was conducted on October 2, 2009, at which time a plea agreement was offered to Petitioner and Petitioner was given a "Donald" advisory.  Id., Exh. F.

Petitioner was initially represented by appointed counsel; on December 2, 2009, Petitioner filed a motion to proceed "in all further proceedings pro per." Id., Exhs. C & H.. The state trial court conducted a hearing on the motion to proceed without counsel and explained to Petitioner the consequences of representing himself, including his responsibilities in the case, and that he would be held to the "same standard" as an attorney.  Id., Exh. J & HHH.  Petitioner signed a waiver of counsel form, and averred that the form was explained to him and that he had read the form completely before signing the form.  Id., Exhs. I &t HHH, at 6.  At that time, the state trial court explained to Petitioner that he faced "well over 70 years in prison" if convicted on all four charges in the indictment.  Id., Exh. HHH, at 8–11.  The trial court also informed Petitioner that he could "change [his] mind" and request counsel "at any time." Id., Exh. HHH at 12–13. The trial court then found that Petitioner had "knowingly, intelligently, and voluntarily desired to waive the right to representation by an attorney and to represent himself" and the court accepted Petitioner's waiver of counsel.  Id., Exh. HHH at 14.  The court also appointed Petitioner advisory counsel.  Id., Ext. HHH at 14–15.

On January 21, 2010, pursuant to a written plea agreement (see id., Exh. Q), Petitioner pled guilty to two counts of participating in a criminal street gang (Counts 1 and 2, as amended). Id., Exh. III.  In exchange for Petitioner pleading guilty to these two amended charges, the state agreed to dismiss Counts 3 and 4, and agreed not to allege two sentencing enhancements, and agreed to not file further "money laundering, participating in a street gang, or promoting prison contraband charges out of the search warrant CWT342."  Id., Exh. Q & Exh. III at 8. The parties stipulated to a 16-year prison sentence pursuant to Petitioner's guilty plea on Count 1, which sentence was to run consecutively to his prison sentence in another case.  The parties also agreed that, upon his release from incarceration after serving the sentence imposed on Count 1, Petitioner would be placed on supervised probation as his sentence for Count 2.

Petitioner agreed to the factual basis for the guilty pleas provided by the prosecutor, that, *inter alia*, on specific dates in March and April of 2009 he directed another individual to further the objectives of the Mexican Mafia . Id., Exh. III at 12–14. After finding that Petitioner had knowingly, intelligently, and voluntarily pled guilty and that there was "a factual basis for" the guilty pleas, the trial court accepted and entered the guilty pleas. Id., Exh. III at 14–15.

On April 8, 2010, Petitioner filed a motion in the state trial court seeking to withdraw his guilty plea, arguing that (1) there was an insufficient factual basis for the plea; (2) the plea was invalid because he was "legally and factually innocent"; (3) he was misinformed about the elements of the crime; (4) he misunderstood his right to withdraw from the plea; and (5) he did not understand the nature of the charges against him. Id., Exh. U.  The trial court ordered that a transcript be prepared for the change-of-plea hearing, and ordered the state to file a response.  Id., Exh. V.  The state trial court held oral argument on the motion to withdraw Petitioner's guilty plea on May 7, 2010. Id., Exh. JJJ at 3. Petitioner argued that the indictment only gave a range of dates, December 2008 to May 2009, and that he did not receive notice of the specific offense dates until he pleaded guilty.  Id., Exh. JJJ at 3–4.  Petitioner argued that there was an insufficient factual basis for his plea. Id., Exh. JJJ at 3-4. After hearing argument from both parties, the trial court denied Petitioner's motion to withdraw from the plea agreement, stating:

> I believe that there is a factual basis. I did the hearing. And I think you're confusing legal arguments that you may have read in case law with other things. And it's not my job to explain it to you, and I'm not going to, so it is denied.
>
> I don't find any manifest injustice. I find that factual basis as laid out in the Plea Agreement hearing fit[s] the crime that you pled – crimes that you pled guilty to, and I believe both plea agreements mention things like "as amended," which means that the State can amend what it is that they're alleging that you did. And you agreed to it.
>
> You pled guilty. You engaged in a colloquy with me. I asked you a lot of questions. You were very definite. I observed your demeanor. I remember you. Because I've done so many of these cases and other settlement conferences, I remember hearing about the facts. Although I didn't participate in your settlement conference, I did participate as a

settlement Judge on the other defendants, and so I'm familiar with the facts of the case.

Based on your demeanor in court, the way you answered my questions, there's no doubt in my mind you knew what you were doing. So your motion is denied.

Id., Exh. JJJ at 12.

The trial court imposed the stipulated sentence in the plea agreement, i.e., a term of 16 years imprisonment for Count 1, and suspended imposition of a sentence for Count 2, and ordered a seven-year supervised probation term to begin upon release for Count 1. Id., Exh. JJJ at 14–15

Petitioner took a timely "of-right" appeal of his convictions and sentences pursuant to Rule 32, Arizona Rules Criminal Procedure. Id., Exh. AA. Petitioner was appointed counsel to represent him in these proceedings. Id., Exh. BB. On February 11, 2011, Petitioner's appointed counsel filed a notice avowing that he had reviewed the record and correspondence from Petitioner and was "unable to find any claims for relief to raise in post-conviction relief proceedings." Id., Exhs. FF & GG. Petitioner filed a pro per brief in his Rule 32 action on March 18, 2011, asserting :

1. The state trial court should have permitted Petitioner to withdraw from the plea agreement pursuant to Rule 17.5.

2. The plea agreement violated the "Due Process Clause of the Fourteenth Amendment for insufficient factual basis and failure to state a proscribed offense under A.R.S. § 13–2321."

3. The "factual basis given by the state fails to state a crime and lacks the criminal intent as proscribed by A.R.S. 13–2321."

4. "Conspiracy to participate in criminal street gang cannot be elevated to actual participation in a street gang based on exact same grand jury evidence."

5. The "trial court should [have] allowed [Petitioner] to withdraw guilty plea to resolve insufficiency of indictment."

6. The "guilty plea was invalid" because Petitioner "did not understand the nature

of the charges and the charge lacked the requisite criminal intent as proscribed in A.R.S. § 13–2321.”

7. Petitioner's advisory counsel provided ineffective assistance.

8. The "trial court erred in allowing state's response to defendant's motion to withdraw."

Id., Exhs. HH & II.

In a decision entered July 21, 2011, the state trial court summarily dismissed Petitioner's Rule 32 action, stating, "The Court agrees with the arguments set forth in the State's Response. The Court specifically finds that there are no colorable claims for ineffective assistance of advisory counsel under both prongs of the Strickland test. Strickland v. Washington, 466 U.S. 671, 687 (1984)." Id., Exh. OO.

Petitioner sought review of this decision by the Arizona Court of Appeals.  In a memorandum decision issued June 17, 2013, the Arizona Court of Appeals granted review but denied relief.  Id., Exh. WW.  The appellate court determined: (1) the trial court properly went through the plea colloquy and determined the plea was knowingly, intelligently, and voluntarily made; (2) there was a sufficient factual basis for each plea, and it supported the intent element under the requisite criminal statute, AR.S. § 13–2321(A)(1); (3) Petitioner did not establish that the trial court abused its discretion in denying his motion to withdraw the guilty plea.; (4) the trial "court properly could and did make a threshold determination that Petitioner's contention he did not understand the nature of the charges to which he was entering guilty pleas was not credible"; and (5) Petitioner had waived any arguments relating to the legal sufficiency of the indictment and the amendment of the charges by entering guilty pleas, and by not objecting to the indictment before pleading guilty.  Id., Exh. WW.  The appellate court specifically rejected Petitioner's argument that there was an insufficient factual basis for finding him guilty because, it concluded the Arizona Mexican Mafia obtained a financial benefit from the acts, establishing an element of the relevant Arizona statute as a matter of state law. Id., Exh. WW at 7.   The appellate court further specifically found that Petitioner's acts

established the requisite intent.  Id., Exh. WW at 7-8.

Petitioner sought review by the Arizona Supreme Court, which denied review on March 21, 2014.  Id., Exh. FFF.

In his federal habeas action Petitioner asserts:

1. He was denied his rights "pursuant to the Due Process Clause of the [Fourteenth] Amendment, specifically only a voluntarily and intelligent guilty plea is constitutionally valid."

2. "Petitioner's guilty plea was involuntary under the Due Process Clause for a lack of criminal intent, under Henderson v. Morgan, 426 U.S. 637."

3. "Under the Due Process Clause, the State cannot convict a defendant for conduct that its criminal statute does not prohibit. Fiore v. White, 531 U.S. 225, 121 S. Ct. 712."

4. "Petitioner, under the Sixth Amendment was never informed of the nature of the charges made against him so as to permit adequate preparation of a defense."

Respondents argue:

> Grounds 3 and 4 from the habeas petition are procedurally defaulted without excuse, Grounds 3 and 4 are not cognizable upon habeas review, and Chairez waived the claim in Ground 4 when he pleaded guilty. Further, all four grounds lack merit. Therefore, this Court should dismiss the petition with prejudice.
> ***
> All of Chairez's claims lack merit. Further, this Court should not even review the merits of Grounds 3 and 4 because they are not cognizable upon habeas review, and Chairez waived the claim in Ground 4 when he pleaded guilty. Accordingly, this Court should deny these claims and dismiss them with prejudice.

## II Analysis

### A. Exhaustion and procedural default

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729–30, 111 S.

Ct. 2546, 2554–55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v..Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).  See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary."  Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001).  See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors.  See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

In order to fulfill exhaustion requirements, a petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court.  Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513–14 (1971); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009).  Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional

guarantee and a statement of facts that entitle the petitioner to relief.  See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007).  Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277–78, 92 S. Ct. at 512–13, they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.  See Woodford v. Ngo, 548 U.S. 81, 92–93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  See Castille, 489 U.S. at 351–52, 109 S. Ct. at 1060.  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594–95 (1991); Coleman, 501 U.S. at 727–28, 111 S. Ct. at 2553–57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

In Arizona, claims not previously presented to the state courts in either a direct appeal or on collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive Rule 32 action is permitted.  See Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a) & (b) (successive petitions are limited to claims of being held in custody beyond sentence expiration, newly-discovered material facts, requests for delayed appeal, significant change in the law retroactively applicable that would probably overturn conviction or sentence, and actual innocence); Spreitz v. Ryan, 617 F. Supp. 2d 887, 899–900 (D. Ariz. 2009) (describing Arizona's preclusion rule).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his Rule 32 action. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).  See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931–32 (9th Cir. 1998).

**B. Cause and prejudice**

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation.  See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).  Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules.  See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th

Cir. 1998); Martinez–Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415–16 (9th Cir. 1998). Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See, e.g., Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415–16. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135–36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

**C. Fundamental miscarriage of justice**

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485–86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485–86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses

charged.  See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842–43 (9th Cir. 2001).

### D. Adequate and independent state-law basis

To constitute an adequate and independent state procedural ground sufficient to support a state court's finding of procedural default, "a state rule must be clear, consistently applied, and well-established at the time of [the] petitioner's purported default." Lambright v. Stewart, 241 F.3d 1201, 1203 (9th Cir. 2001).  A state rule is considered consistently applied and well-established if the state courts follow it in the "vast majority of cases." Scott, 567 F.3d at 580, quoting Dugger v. Adams, 489 U.S. 401, 417 n.6, 109 S. Ct. 1211, 1221 n. 6 (1989).  Additionally, for the proffered state procedural bar to preclude the consideration of a habeas claim "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."  Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638–39 (1985). See also Harris v. Reed, 489 U.S. 255, 261–62, 109 S. Ct. 1038, 1042 (1989).

> "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263, 109 S.Ct. 1038, [ ].... Sanders v. Cotton, 398 F.3d 572, 580 (7th Cir. 2005) (where the state appellate court's discussion of waiver is intertwined with its merits analysis, the state court's decision does not rest on an independent and adequate state law ground) ....

Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009) (some internal citations and quotations omitted).  See also Scott, 567 F.3d at 581–82.

### E. Standard of review of exhausted claims

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law.  See 28 U.S.C. § 2254(d); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque,

555 F.3d 834, 838 (9th Cir. 2009).  "Under AEDPA, a federal court may not grant a petition for a writ of habeas corpus unless the state court's adjudication on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lafler v. Cooper, 132 S. Ct. 1376, 1390 (2012), quoting 28 U.S.C. § 2254(d)(1).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of United States Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result.  See, e.g., Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); Runningeagle v. Ryan, 686 F.3d 758, 785 (9th Cir. 2012), cert. denied, 133 S. Ct. 2766 (2013).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. See McNeal v. Adams, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000).  See also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable.  See, e.g., Renico v. Lett, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010); Runningeagle, 686 F.3d at 785.  An unreasonable application of law is different from an incorrect one.  See Renico, 130 S. Ct. at 1862; Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005).  "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case."  Adamson v. Cathel, 633

F.3d 248, 255–56 (3d Cir. 2011).  See also Howard v. Clark, 608 F.3d 563, 567–68 (9th Cir. 2010).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1); Miller–El v. Dretke, 545 U.S. 231, 240–41, 125 S. Ct. 2317, 2325 (2005); Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Runningeagle, 686 F.3d at 763 n.1; Crittenden v. Ayers, 624 F.3d 943, 950 (9th Cir. 2010); Stenson, 504 F.3d at 881; Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact."  Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304–05 (1982).   Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires.  See Lafler, 132 S. Ct. 1389-90; Panetti v. Quarterman, 551 U.S. 930, 953–54, 127 S. Ct. 2842, 2858–59 (2007); Runningeagle, 686 F.3d at 785-86; Greenway v. Schriro, 653 F.3d 790, 805–06 (9th Cir. 2011).

**F. Petitioner's claims for relief**

**1. Petitioner contends he was denied his rights "pursuant to the Due Process Clause of the [Fourteenth] Amendment, specifically only a voluntarily and intelligent guilty plea is constitutionally valid."**

At the change-of-plea hearing, the state trial court confirmed, *inter alia*, that Petitioner had read the plea agreement and discussed it with his advisory counsel before

he signed it.   When asked whether he understood the agreement, Petitioner replied, "Completely." Answer, Exh. III at 5.

At the change-of-plea hearing the state then provided the following factual basis for Petitioner's guilty pleas:

> On or about March 22nd, 2009, Mr. Chairez directed another to perform acts which would benefit the Arizona Mexican Mafia. The person he was directing would then come back into Maricopa County as an accomplice and a conspirator and further that directive, which would then benefit the Mexican Mafia, specifically giving money or gathering money for the Arizona Mexican Mafia.

Id., Exh. III at 13.

At the hearing on the motion to withdraw his guilty plea, the trial court made a credibility determination that Petitioner's claim he had no notice of the charges was not credible, especially in light of his statements at the change-of-plea hearing, and the Arizona Court of Appeals properly relied on this credibility determination.  Id., Exh. WW at 9–10, Exh. JJJ at 12.

In his state Rule 32 action seeking post-conviction relief,  Petitioner alleged his guilty plea was not knowing and voluntary.  In a memorandum decision issued June 17, 2013, affirming the state trial court's decision denying relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, the Arizona Court of Appeals determined, *inter alia*, that the trial court properly went through the plea colloquy and determined the plea was knowingly, intelligently, and voluntarily made, that there was a sufficient factual basis for each plea and it supported the intent element under the requisite criminal statute, i.e., Arizona Revised Statutes § 13–2321(A)(1), and that the trial "court properly could and did make a threshold determination that Petitioner's contention he did not understand the nature of the charges to which he was entering guilty pleas was not credible.   Id., Exh. WW.

The state courts' credibility determination regarding the knowing and voluntary nature of Petitioner's guilty plea are presumed to be correct.  Accordingly, the Arizona Court of Appeals' rejection of Petitioner's claim was not contrary to, or an unreasonable

application of clearly established federal law because, as a factual matter, Petitioner had notice of the charges against him when he pleaded guilty and the pleas were knowing and voluntary.

Federal habeas courts are bound by a state court's determinations regarding the application of state law, see Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 603-04 (2005), and must presume the state court's factual findings are correct absent clear and convincing evidence to the contrary.   See 28 U.S.C.A. § 2254(e)(1).   A state court's factual finding that a plea was voluntary and knowing is entitled to a presumption of correctness by a federal habeas court. See Lambert v. Blodgett, 393 F.3d 943, 982 (9th Cir.2004); Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir.1996). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See Miller–El v. Dretke, 545 U.S. 231, 240–41, 125 S. Ct. 2317, 2325 (2005); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006); Solis v. Garcia, 219 F.3d 922, 926 (9th Cir. 2000).

Petitioner's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"); United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991) (reaching this holding in a section 2255 case); Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) Restucci v. Spencer, 249 F. Supp. 2d 33, 45 (D. Mass. 2003) (collecting cases so holding).

Petitioner presents no clear and convincing evidence that his guilty plea was not knowing and voluntary.  Accordingly, the state courts' decision regarding this issue is entitled to deference and Petitioner is not entitled to relief on the merits of this claim.

1      **2. Petitioner contends his guilty plea was involuntary and violated his right to**

2   **due process of law because of "a lack of criminal intent, under <u>Henderson v.</u>**

3   **<u>Morgan</u>, 426 U.S. 637."[1]**

4          Petitioner argues that his guilty plea was involuntary because he did not have

5   notice that the crime of participating in a criminal street gang required the "intent to

6   promote or further the criminal objectives of the criminal street gang." Petitioner

7   maintains that the Arizona Court of Appeals' decision rejecting this claim was contrary to

8   and an unreasonable application of established federal law.

9          In his petition for review to the Arizona Court of Appeals in his Rule 32 action,

10  Petitioner asserted that he was not informed about the intent element of Arizona Revised

11  Statutes § 13–2321 and that this failure rendered his guilty plea involuntary. <u>See</u> Answer,

12  Exh. SS at 11–14.  In his Rule 32 action Petitioner also challenged sufficiency of the

13  factual basis for his guilty plea, arguing that the proffered factual basis did not show he

14  had the requisite criminal intent to commit the crime. <u>Id.</u>, Exh. SS at 8–16.  The Arizona

15  Court of Appeals rejected these claims, finding the extended record supported the

16  inference that Petitioner had the requisite intent "'to promote or further the criminal

17  objectives of the criminal street gang.'" <u>Id.</u>, Exh. WW at 7–8.

18         The Arizona state courts have previously distinguished <u>Henderson</u>, cited by

19  Petitioner in support of his argument that a lack of knowledge regarding the requisite

20  level of intent regarding the crime at issue, from the facts presented in cases similar to

21  this matter:

22             These facts distinguish this case from <u>Henderson v. Morgan</u>, 426 U.S. 637,
              96 S.Ct. 2253, [] (1976), on which [the defendant] relies. There, the
23            defendant pleaded guilty to second degree murder without any "indication
              that the nature of the offense had ever been discussed with [him]." <u>Id.</u> at
24            642–43, 96 S.Ct. 2253. No one informed the defendant that intent, an
              element that he explicitly denied, was required for the charged offense. <u>Id.</u>

---

26  [1] Holding that, where neither defense counsel nor the trial court explained to the petitioner that
    an intent to cause the death of his victim was an element of the offense of second-degree murder
27  and the petitioner made no factual statement or admission necessarily implying that he had such
    intent, the petitioner's plea of guilty to a charge of second-degree murder was involuntary.
28  96 S.Ct. 2253 (1976).

at 643, 96 S.Ct. 2253.

Here, in contrast, [the defendant's] attorney avowed, and [the defendant] acknowledged, that she had discussed the charges and the consequences of pleading guilty with [the defendant], who did not dispute the factual basis of his plea or whether the required mens rea was sufficiently established. The trial court had no obligation to advise [the defendant] of each specific element of his crimes "[a]bsent the unique circumstances of <u>Henderson v. Morgan</u>." <u>State v. Devine</u>, 114 Ariz. 574, 575, 562 P.2d 1072, 1073 (1977); cf. <u>State v. Ovante</u>, 231 Ariz. 180, 185 ¶ 17, 291 P.3d 974, 979 (2013) ("The trial court was not required to explain the distinction between first and second degree murder and was free to accept the guilty plea if it was satisfied that the record established premeditation.").

<u>Arizona v. Rose</u>, 231 Ariz. 500, 505-06, 297 P.3d 906, 911  12 (2013).

The record in this matter reflects that Petitioner's guilty plea was based on real notice of the true nature of the charges against him, including the requisite element of intent.   See <u>Marshall v. Lonberger</u>, 459 U.S. 422, 436, 103 S. Ct. 843, 852 (1983). Accordingly, the state courts' determination that Petitioner's guilty plea was knowing and voluntary because Petitioner had adequate notice of the true nature of the charges against him, including the necessary element of intent, was not clearly contrary to nor an unreasonable application of federal law.

**3. Petitioner asserts his convictions and sentences must be reversed, arguing that "[u]nder the Due Process Clause, the State cannot convict a defendant for conduct that its criminal statute does not prohibit.  <u>Fiore v. White</u>, 531 U.S. 225, 121 S. Ct. 712."**

Petitioner argues that the factual basis for his guilty plea was insufficient, and, therefore, that the state did not meet its burden of proving Petitioner was guilty of the offenses beyond a reasonable doubt, <u>citing</u> <u>Fiore v. White</u>, 531 U.S. 225, 121 S. Ct. 712, (2001),[2] <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S. Ct. 2781 (1979), and <u>In re Winship</u>, 397

---

[2] "We have held that the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." <u>Fiore v. White</u>, 531 U.S. 225, 228-29, 121 S. Ct. 712, 714 (2001).

- 17 -

U.S. 358 (1970).  Petitioner contends that "the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." Doc. 1 at 8 (internal quotations and citation omitted).

Respondent maintains that Petitioner procedurally defaulted this claim in the state courts.

> In Ground 3, Chairez argues that "[u]nder the due process clause, the State cannot convict a defendant for conduct that its criminal statute does not prohibit" and cites Fiore v. White, 531 U.S. 225 (2001). (Dkt. #1, at 8.) He appears to argue that the factual basis supplied by the prosecutor was insufficient to prove Chairez committed the crimes of participating in a criminal street gang, and this violated his right under the Fourteenth Amendment to have the State prove the elements of the crime beyond a reasonable doubt. In his PCR petition and his petition to review to the Arizona Court of Appeals, Chairez argued that the factual basis provided by the State did not properly allege a violation of A.R.S. § 13–2321(A)(1). (Exhibit II, at 9–14; Exhibit SS, at 14–17.) It was not until Chairez's amended petition for review to the Arizona Supreme Court, however, that he provided the federal basis for the claim that he now presents in his habeas petition. (Exhibit DDD, at 1–4.)

A petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513–14 (1971); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.2009); Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277–78, 92 S. Ct. at 512–13, they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, (1982).  A claim is only "fairly present[ed]" when a petitioner "clearly state[s] the federal basis and federal nature of the claim, along with relevant

facts." <u>Cooper v. Nevan</u>, 641 F.3d 322, 327 (9th Cir. 2011).

Petitioner presented the substance of this claim to the Arizona Court of Appeals in his Rule 32 action.  The Arizona Court of Appeals concluded that there was a sufficient factual basis for each of Petitioner's guilty pleas, and the factual The Arizona Court of Appeals did not discuss the claim as presenting a violation of Petitioner's federal constitutional rights.

Because the state court's determination of state law, i.e., that there was an adequate factual basis for finding Petitioner guilty of each crime of conviction, is binding on the federal court, Petitioner is not entitled to habeas relief on the merits of this claim, regardless of any failure to fairly present the claim to the state courts as presenting an issue of federal constitutional law.

A claim that a defendant's federal right to due process was violated, based on insufficiency of the evidence, can only succeed when, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>See</u>, <u>e.g.</u>, <u>McDaniel v. Brown</u>, 558 U.S. 120,  130 S. Ct. 665, 673 (2010); <u>Jackson</u>, 443 U.S. at 324, 99 S. Ct. at 2789. When undertaking habeas review of a state court decision rejecting a claim of insufficiency of the evidence, the Court's inquiry is very limited; the Court may ask only whether the state court's decision was contrary to or reflected an unreasonable application of <u>Jackson</u> to the facts of a particular case.  <u>See</u> <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1274–75 (9th Cir. 2005).  Furthermore, "[a]fter AEDPA, we apply the standards of <u>Jackson</u> with an additional layer of deference" to state court findings.  <u>Juan H. v. Allen</u>, 408 F.3d at 1274.

Insufficient evidence claims are reviewed by looking at the elements of the offense under state law and, in determining whether sufficient evidence supports a conviction, federal courts are bound by a state court's interpretation of state law. <u>See</u> <u>Emery v. Clark</u>, 643 F.3d 1210, 1213–14 (9th Cir. 2011). Additionally, circumstantial evidence and inferences drawn from it are sufficient to sustain a conviction. <u>See</u>, <u>e.g.</u>, <u>Walters v.</u>

<u>Maass</u>, 45 F.3d 1355, 1358 (9th Cir. 1995).   Having thoroughly reviewed all of the pleadings in this matter and the portions of the record presented to the Court, the Magistrate Judge concludes that the Arizona Court of Appeals' decision denying Petitioner's claim of insufficiency of the evidence was not contrary to nor an unreasonable application of federal law. <u>See</u> <u>Bruce v. Terhune</u>, 376 F.3d 950, 959–60 (9th Cir. 2004). <u>Compare</u> <u>Garcia v. Carey</u>, 395 F.3d 1099, 1102–04 (9th Cir. 2005).

**4. "Petitioner, under the Sixth Amendment was never informed of the nature of the charges made against him so as to permit adequate preparation of a defense."**

Respondents assert Petitioner procedurally defaulted this claim and that the claim was waived by Petitioner's guilty plea:

> In Ground 4, Chairez argues that he was "never informed of the nature and cause of the charges made against him so as to present adequate defense" in violation of his Sixth Amendment rights. (Dkt. #1, at 9.) In his PCR petition and his petition for review to the Arizona Court of Appeals, he challenged the voluntariness of guilty plea based on his allegation that he "did not understand the nature of the charges." (Exhibit II, at 17–19; Exhibit SS, at 11–14.) This is the claim Chairez presents in Ground 1 of his habeas petition. (Dkt. #1, at 6.) In his amended petition for review to the Arizona Supreme Court, Chairez presented the claim he now presents in Ground 4 for the first time to the state courts. (Exhibit DDD, at 4–5.) Chairez admitted in the amended petition that he had only partially raised this claim before and was now making it a stand-alone constitutional claim.

The Court may deny this federal habeas claim as being non-cognizable.  A federal habeas claim based on the alleged deprivation of a constitutional right, which violation is alleged to have occurred prior to the entry of his guilty plea, and any claim predicated on such a violation. is waived when the petitioner entered his guilty plea.  <u>See</u> <u>Blackledge v. Perry</u>, 417 U.S. 21, 30, 94 S. Ct. 2098, 2103 (1974)[3]; <u>Tollett v. Henderson</u>, 411 U.S. 258,

---

[3]"[A] person complaining of such 'antecedent constitutional violations,' <u>Id.</u>, 411 U.S. at 266, 93 S.Ct. at 1607, is limited in a federal habeas corpus proceeding to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not 'within the range of competence demanded of attorneys in criminal cases.' <u>See</u> <u>McMann</u>, supra, 397 U.S. at 771, 90 S.Ct. at 1449. "

267, 93 S. Ct. 1602, 1608 (1973); <u>Becker v. Nebraska</u>, 435 F.2d 157 (8th Cir.1970); <u>Ralbovsky v. Kane</u>, 407 F. Supp. 2d 1142, 1152–53 (C.D. Cal. 2005).

**III Conclusion**

Petitioner is not entitled to federal habeas relief on the merits of his first, second, and third claims for relief.  The Arizona Court of Appeals' decision denying relief on Petitioner's claims for relief was not clearly contrary to nor an unreasonable application of established federal law.  Petitioner waived his fourth claim for federal habeas relief because he waived this claim by pleading guilty.

**IT IS THEREFORE RECOMMENDED that** Mr. Chairez' Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna–Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

1        Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a

2   certificate of appealability when it enters a final order adverse to the applicant." The

3   undersigned recommends that, should the Report and Recommendation be adopted and,

4   should Petitioner seek a certificate of appealability, a certificate of appealability should

5   be denied because Petitioner has not made a substantial showing of the denial of a

6   constitutional right as required by 28 U.S.C.A § 2253(c)(2).

7

8        Dated this 11th day of June, 2014.

9

10

11

    _____

12                    Mark E. Aspey
              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28