**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro Chairez, | |
| Petitioner, | No. CV-13-01759-PHX-PGR (MEA) |
| vs. | |
| | ORDER |
| Charles L. Ryan, et al., | |
| Respondents. | |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Aspey in light of Petitioner's Objection to Magistrate[']s Report and Recommendation (Doc. 23), the Court finds that petitioner Pedro Chairez's objections should be overruled as without merit because the Magistrate Judge correctly concluded that the petitioner's timely Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, should be denied in its entirety.

The petitioner, alleged by the State to be a member of the Mexican Mafia, pleaded guilty in 2010 to two counts of participating in a criminal street gang, in part in violation of A.R.S. § 13-2321. Pursuant to the petitioner's plea agreement, he was sentenced on the first count to 16 years imprisonment to run consecutively to a 27-year sentence he was already serving for a previous murder conviction.

The petitioner alleges four grounds in his petition, all of which are related to the enforceability of his guilty plea.

First Ground

In the first ground raised in his habeas petition, the petitioner alleges that his guilty plea is constitutionally invalid because it was not a voluntary and intelligent plea.  The gist of his argument is that at the time of his change of plea he did not have a true understanding of either the nature of the charges against him or the specific evidence against him in that he was "misled and misinformed" about the charges.  The Arizona Court of Appeals considered and rejected this argument on its merits, s*ee* State v. Chairez, 327 P.3d 886 (Ariz.App.2013), and that court's decision, which was the state's last reasoned decision, is presumed to be correct unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  The "high measure of deference" that must be given to the state court's decision "requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair support' in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

The Court agrees with the Magistrate Judge that this claim is meritless.  While a criminal defendant must first receive "real notice of the true nature of the charge against him" in order for his guilty plea to be an intelligent one, *id.*, at 436, the record clearly establishes that the petitioner had legally adequate notice of the charges against him.[1]  Based on the record, the Arizona Court of Appeals' conclusion that the

---

[1]

The record shows that before the petitioner pleaded guilty, he received a copy of the indictment against him, *see* Bousley v. United States, 523 U.S. 614, 618 (1998) (noting that a defendant who is given a copy of his indictment before pleading guilty is presumed to know the nature of the charges against him), as well

- 2 -

1    petitioner had sufficient notice of the charges against was not contrary to, or an

2    unreasonable application of, clearly established federal law as determined by the

3    Supreme Court.

4        Second Ground

5        In his second ground, the petitioner contends that his guilty plea was

6    involuntary and violated his right to due process pursuant to Henderson v. Morgan,

7    426 U.S. 637 (1976)[2], because he was not given notice of the intent element of

8    A.R.S. § 13-2321, *i.e.*, that the crime of participating in a criminal street gang

9    required the intent to promote or further the criminal objectives of the gang.

10   According to the petitioner, the Arizona Court of Appeals' rejection of this claim, *see*

11   Chairez, 327 P.3d at 889, was contrary to, and an unreasonable application of

12   Morgan.

13       The Court also agrees with the Magistrate Judge that this claim is meritless.

14   _____

15   all of the discovery in his case; the record also establishes that prior to pleading

16   guilty, there were two "show and tell" meetings in which the investigation against the
     petitioner was discussed with him and/or his counsel, he participated in two

17   settlement conferences in which he and his counsel had discussions with the
     prosecutor and investigators regarding the specifics of the investigation and the

18   charges against him, and he engaged in a colloquy with the court at his change of
     plea hearing wherein he acknowledged that he went over the written plea agreement

19   with his counsel and that he understood what charges he was pleading to, and that
     he agreed that there was a factual basis for the charges regarding the two offense

20   dates as set forth by the prosecutor and that he agreed with those facts.  The Court

21   is not persuaded by the petitioner's argument that the "line sheets," *i.e.* the wiretap
     evidence from the two offense dates, amount to clear and convincing evidence that

22   he was misinformed and misled about the true nature of the charges against him.

23       [2]

24       Henderson, which the Supreme Court described as an "unique" case,
     involved a defendant of "unusually low mental capacity" whose plea of guilty to

25   second degree murder was held to be involuntary because the record affirmatively
     established that he had not been informed that intent to cause the death of his victim

26   was an element of the offense.

- 3 -

The Arizona appellate court's decision was not contrary to Henderson because the facts of this case totally distinguish it from Henderson.  There is no dispute that the petitioner received a copy of his indictment prior to pleading guilty or that the indictment, which referenced in part A.R.S. § 13-2321, alleged as to both counts that the petitioner participated in a criminal street gang "with the intent to promote or further the criminal objectives of the criminal street gang."   The indictment is sufficient by itself to rise to the presumption that the petitioner was informed of the nature of the charges against him. Bousley, 523 U.S. at 618.  Furthermore, there is evidence in the record apart from the presumption stemming from the indictment which shows that the petitioner knew of the intent element, such as the paragraph he initialed in the written plea agreement which states: "My lawyer has explained the nature of the charge(s) and the elements of the crime(s) to which I am pleading[,]" as well as the colloquy during his change of plea hearing during which he affirmatively stated that he had gone over the entire written plea agreement with his advisory counsel, that his counsel had explained it to him before he signed it, and that he understood it.

Third Ground

In his third ground, the petitioner argues that the factual basis submitted by the state did not state an offense under Arizona law, which violated his right to due process pursuant to Fiore v. White, 531 U.S. 225 (2001).[3]   The Arizona Court of Appeals specifically rejected the petitioner's contention that he pled guilty to a nonexistent offense, Chairez, 327 P.3d at 890, and concluded that the petitioner's

---

[3]

The Supreme Court stated in Fiore that "the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." 531 U.S. at 229.

statements during his change of plea hearings and the extended record provided a sufficient factual basis for his pleas. *Id.*, at 889.   The Court agrees with the Magistrate Judge that this third claim lacks merit because the state court's decision, which is entitled to deference from this Court, is not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

Fourth Ground

In his Fourth Ground, the petitioner argues that he was never informed of the nature of the charges against so as to permit an adequate preparation of his defense, in violation of his Sixth Amendment rights.  To the extent that the petitioner is claiming that his indictment lacked sufficient factual detail, the Court agrees with the Magistrate Judge that this claim is not cognizable on habeas review because the petitioner waived it by pleading guilty.   But in any case, the claim is meritless because the record clearly establishes that the necessary factual information underlying the charges had been given to the petitioner prior to his guilty plea. *See* Footnote 1.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 22) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that petitioner Pedro Chairez's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is denied leave to appeal *in forma pauperis* because the petitioner has not made a substantial showing of the denial of a constitutional right, nor has he demonstrated that reasonable jurists would find that the Court's assessment of the constitutional claims to be debatable or wrong.

- 5 -

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 27th day of April, 2015.

Paul G. Rosenblatt
United States District Judge